Goodwins, Inc., et al., Plaintiffs, *v.* Frank Hagedorn, as President of Department Store & Variety Store Employees Union, Local 1115A, Retail Clerks International Association, A. F. of L., et al., Defendants.

Supreme Court, Special Term, New York County, April 4, 1951.

*J. Norman Lewis* for plaintiffs.

*E. Schlesinger* for defendants.

Isidor Wasservogel, Official Referee. Plaintiffs, owners and operators of retail department stores, seek to restrain and enjoin the defendant unions from picketing and engaging in other purported unlawful acts on the ground that such acts are designed solely for an illegal objective. In their complaint they also seek money damages for certain tortious acts which they claim stem from a conspiracy by the defendants to compel plaintiffs to commit an act in violation of law. The request for such damages, however, was withdrawn by plaintiffs during the course of the trial.

Plaintiffs in their complaint concede that they are engaged in interstate commerce. Their complaint also alleges that the defendants' activities are in violation of the provisions of the Federal Labor Management Relations Act of 1947, commonly

known as the " Taft-Hartley Act " (U. S. Code, tit. 29, § 141 *et seq.,* hereinafter referred to as the " Act "). An examination of the complaint shows that acts alleged to have been committed by the defendants, or by one or more of them, all fall within the interdiction of either paragraph (1), paragraph (2) or clause (B) of paragraph (4) of subdivision (b) of section 8 of the Act. (U. S. Code, tit. 29, § 158, subd. [b], par. [1], [2], [4], cl. [B].)

The Supreme Court of the United States has recently held that Congress, having pre-empted the field of labor relations affecting interstate commerce, has closed this field to regulation or control by any State tribunal (*International Union of United Auto Workers* v. *O'Brien,* 339 U. S. 454, 457). Contrary to plaintiffs' contention, none of the sections of the Act can be interpreted as permitting concurrent State jurisdiction of *peaceful* strikes. No proof has been adduced by plaintiffs which indicates that the picketing here involved is other than peaceful. The testimony clearly shows that the picketing of plaintiffs' premises was closely supervised and controlled by the police department of the city of New York. No violence or other disorder was reported nor were any arrests made by the police who were in constant attendance. At no time did the number of pickets in or about plaintiffs' stores exceed the number permitted by the police captain in charge. Moreover the police maintained free ingress and egress for the public to the department stores involved. The mere fact that the defendants' concerted union activities result in loss or injury to plaintiffs' business is insufficient reason for the intervention of a State court of equity. Plaintiffs have failed to show that the defendants are illegally engaged in a course of conduct which is calculated to destroy their business, nor have they submitted any evidence from which the court can conclude that the union activities are unlawful, contrary to the public policy of this State or conducted in such a manner as to constitute a breach of the peace. It necessarily follows, that, inasmuch as the Act applies to all aspects in which defendants' picketing and other activities are claimed to be illegal, exclusive jurisdiction with respect to such alleged violations rests with the Federal courts and/or the administrative machinery created by Federal law (*International Union of United Auto Workers* v. *O'Brien, supra; Ryan* v. *Simmons,* 277 App. Div. 1000).

Plaintiffs contend that the case of *Pennock Co.* v. *Ferretti* (N. Y. L. J., March 16, 1951, p. 956, col. 3) establishes the principle that, in the absence of its certification as the bargaining

representative of employees, a trade union may not conduct an organizational strike, and that such strike may be enjoined by the courts of this State. It does not appear from the opinion in the cited case whether the employer-employee relation involved interstate commerce. It is clear, however, that this issue was not passed upon by the trial court. It is to be noted that, although the *Pennock* case refers to representation proceedings initiated before the National Labor Relations Board, the opinion specifically states that such proceedings were withdrawn prior to an election for a bargaining agent. If the *Pennock* case actually was concerned with interstate commerce and a peaceful strike, in view of the recent decision of the United States Supreme Court (*International Union of United Auto Workers* v. *O'Brien, supra*), the State courts have no jurisdiction of such controversy. In any event, I hold that, on the facts presented in the instant action, the decision in the *Pennock* case is not controlling.

The court is cognizant of the statement, as plaintiffs note, in the decision of *Mayer Bros. Poultry Farms* v. *Meltzer* (274 App. Div. 169, 181) that the Act was " not intended to divest the State courts of jurisdiction which they have in cases of this kind before its adoption." It is to be noted that the decision in this case was rendered prior to the decision in the United States Supreme Court case (*International Union of United Auto Workers* v. *O'Brien, supra*). In the light of this subsequent decision by the highest tribunal of the land, it is clear that the holding of the Appellate Division must be limited to the particular facts of the case which was then before it. There can be no doubt, as recognized by the court in *Ryan* v. *Simmons* (*supra*), that the decision of the United States Supreme Court precludes any State action or invasion of the exclusive jurisdiction over peaceful strikes properly delegated by Congress to Federal agencies.

Each of the other cases relied on by plaintiffs, particularly the *Haber & Fink* case (*Haber & Fink* v. " *Jones* ", 277 App. Div. 176), *International Brotherhood of Teamsters* v. *Hanke* (339 U. S. 470) and *Building Service Employees Int. Union, Local 262* v. *Gazzam* (339 U. S. 532) is clearly distinguishable from the facts of the case at bar. The cited cases involved local activities which did not fall within the scope of interstate commerce. Therefore, the fundamental prerequisite for the interdiction of State action, to wit, interstate commerce, was lacking.

Upon the evidence before me and giving due consideration to the applicable law, I hold that the field of regulation of peaceful strikes concerning interstate commerce is occupied and closed to regulation by any State or State tribunal by virtue of the provisions of the Labor Management Relations Act of 1947. It necessarily follows, that this court lacks jurisdiction of the subject matter of the action and that plaintiffs are relegated to the relief afforded by the Federal courts and/or the administrative agencies of the Federal government.

Judgment is rendered for the defendants dismissing the complaint. No costs are awarded to any of the parties.

Submit decree within ten days on three days' notice.

The foregoing constitutes the decision of the court as required by section 440 of the Civil Practice Act.